USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2060 NIMIA M. RAMOS, Plaintiff, Appellant, v. MANUEL LUJAN, II, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Justo Arenas, U.S. Magistrate Judge] ____________________ Before Selya, Circuit Judge, Cyr, Senior Circuit Judge, and Lynch, Circuit Judge. ____________________ Nimia M. Ramos Beauchamp on brief pro se. Guillermo Gil, United States Attorney, and Fidel A. Sevillano Del Rio, Assistant United States Attorney, on brief for appellees. ____________________ July 16, 1997 ____________________ Per Curiam. Appellant Ramos-Beauchamp ("Ramos") brought this suit against various officials of her former employer,  the  Department  of the Interior, National Park Service (collectively "DOI"), alleging discrimination on the basis of her  gender  and ethnicity (Hispanic). Ramos claimed that while she was employed as a park ranger, she was subjected to a discriminator ily hostile work environment, disparate treatment in  the  assignment of equipment, training, responsibilities and discipline; and a retaliatory constructive discharge. Ramos initially  submitted  her  complaints to the DOI's office of equal opportunity  ("OEO"). The OEO found no support for most of the charges, but did find disparate treatment in (1) a thirty-day disciplinary  suspension of Ramos's law enforcement commission, and  (2)  the  provision of certain equipment. The DOI undertook remedial action; Ramos proceeded to district court.  Following a five-day bench trial, which was held by consent  of  the parties before a magistrate judge, judgment was entered for the defendant on all claims. The court's factual findings and legal conclusions are set forth in a 26-page opinion. Ramos  timely  appealed, but failed to provide a trial transcript. Unable thus to review the issues, including an evidentiary question which initially appeared substantial, we directed Ramos to provide the transcript or face dismissal. Citing a change in her financial circumstances, she -2- successfully sought an extension of time, and obtained permission  from  the  district court to proceed in forma pauperis with  production  of  the  transcript at government expense. After further delays, the transcript was transmitted to this court. Ramos assigns as error the court's exclusion from evidence of an "administrative deposition" given by another Hispanic female park ranger, Mirta Maltes. The excluded "deposition," or sworn statement, was taken in a one-on-one question  and  answer  session conducted by the DOI's internal OEO investigator.  Exclusion of this evidence, Ramos contends, was contrary to the parties' "binding" joint pretrial memorandum, as incorporated into the court's final case management order. The final order twice referenced Maltes's statement. Maltes was listed, first, as a witness for Ramos "by deposition."  Maltes's "sworn statement" also was listed as a DOI exhibit which, by the terms of the order, was "received in evidence." Nonetheless, at trial the DOI objected when Ramos proffered  the  Maltes  statement during her case in chief. After some wrangling, the statement was excluded from evidence because, the magistrate held, it was hearsay and inadmissible under any exception to the hearsay rule, including the open- ended exception in Fed. R. Evid. 804(b)(5). We need not definitively resolve the evidentiary question, however, since a close reading of the record shows -3- that regardless of whether the statement was properly admissible  or  inadmissible, its exclusion did not prejudicially affect Ramos's "substantial rights," or the outcome of the trial. Lubanski v. Coleco Industries, Inc., 929 F.2d 42, 45 (1st Cir. 1991); see also United States v. Legarda, 17 F.3d 496, 498 (1st Cir.) (holding that an erroneous exclusion of evidence requires reversal only if it has a "substantial and injurious effect or influence" on the verdict), cert. denied, 513 U.S. 820 (1994).  The primary value of Maltes's statement was that it corroborated Ramos's allegations of disparities in the assignment of equipment, training, and responsibilities. The very same facts, however, were placed in evidence by Ramos's testimony.   Moreover, the disparities were not challenged, but were conceded by the DOI's witnesses. The DOI's witnesses explained the uneven assignments as due to non-discriminatory factors. Their explanations were accepted as credible by the magistrate.   Thus,  the  outcome of the trial on these claims was not affected by the exclusion of Maltes's statement, encompassing as it did little more than conceded facts.  As to Ramos's other claims, Maltes's statement contained no substantial supporting proof. Maltes swore that she had no personal knowledge of the facts surrounding the disciplinary  suspension of Ramos's law enforcement commission. The statement offered only one marginal fact in corroboration -4- of Ramos's retaliation claim (that Ramos had presented a doctor's  note  to  excuse  an absence).1 And Maltes flatly denied knowledge of any disparities in overtime pay and shift assignments. Finally, while Maltes's statement conclusorily characterized the atmosphere at work as "male chauvinist," she also denied suffering any employment disadvantage due to her gender,  thus  providing no factual support for Ramos's claim of a discriminatorily hostile work environment.  Ramos's  other assignments of error, as we understand them,2 fare no better. We apprehend no error in the standard used by the court to assess the claim of "abusive working environment;" perceive no prejudice in the court's alleged misstatement  of  Maltes's  employment title; find no abuse in the court's  evaluation of the credibility of the witnesses; and no basis for the argument that the court denied a "release of pertinent information in agency files." To the extent that Ramos  means  to  challenge  the weight of the evidence, we observe 1The statement recites Maltes's "belief" that Ramos had encountered retaliation, but there is no recitation of a factual basis for the "belief." And, although Maltes stated that she, too, feared retaliation, the only reason suggested for her fear is that on one occasion she felt threatened by a supervisor's "personal" animosity toward her.  2Although the transcript has been available for several months, Ramos has not moved to supplement her brief with record references.  -5- that this was not a "close" case. There is ample record evidence to support the court's factual findings. Affirmed. -6-